IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EBONI WALLACE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CAUSE NO. 1:21-cv-2470 |
| TWG MANAGEMENT, LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Eboni Wallace, for her Complaint against Defendant, TWG Management, LLC, states the following:

### I. Parties

1. Ms. Wallace is a resident of Hendrick County, Indiana.

2. TWG Management, LLC does business in Marion County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear these claims pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the FLSA, E-FMLA and EPSL.

4. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendants doing business in this District.

### III. Factual Allegations

6. Ms. Wallace was an employee of Defendant.

7. Ms. Wallace started working for Defendant on or about September 4, 2019.

8. Ms. Wallace worked as an assistant manager for Defendant.

9. Defendant paid Ms. Wallace on a salary basis.

10. Defendant paid Ms. Wallace $35,000.00 per year.

11. Defendant also paid Ms. Wallace commissions.

12. Defendant paid Ms. Wallace on a bi-weekly basis.

13. Ms. Wallace worked overtime hours for which Defendant failed to pay any overtime premiums.

14. Ms. Wallace worked overtime hours for which Defendant failed to take into account her commissions earned when determining her regular rate.

15. The wage claim of Ms. Wallace was referred to counsel for Plaintiff by the Indiana Attorney General's Office in conjunction with the Indiana Department of Labor on November 18, 2020.

16. On or about the beginning of August 2020, the children of Ms. Wallace attached a child care center both before and after school.

17. On or about the beginning of August 2020, Ms. Wallace received notice that the day care where her children went would be closing due to COVID related concerns.

18. Upon information and belief, Defendant has 500 or fewer employees.

19. Ms. Wallace requested emergency sick paid leave or ESPL from Defendant on or about the beginning of August 2020 due to her children's day care closing due to COVID related concerns.

20. Defendant denied ESPL to Ms. Wallce.

21. Ms. Wallace requested emergency FMLA or E-FMLA from Defendant on or about the beginning of August 2020 due to her children's day care closing due to COVID related concerns.

22. Defendant denied Ms. Wallce E-FMLA leave as requested by Ms. Wallace.

23. Defendant terminated Ms. Wallace on August 24, 2020.

24. Defendant terminated Ms. Wallace for allegedly not being truthful about her children's day care.

25. Defendant retaliated against Ms. Wallace for requesting ESPL and E-FMLA by terminating her employment.

### III.  Cause of Action

**Count I**
**Failure to Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

26. Plaintiff incorporates paragraphs 1 through 25 by reference herein.

27. Ms. Wallace was an employee of Defendant pursuant to the FLSA.

28. Ms. Wallace's work for Defendant involved interstate commerce.

29. Defendant is an employer pursuant to the FLSA.

30. Defendant had gross revenues of at least $500,000.00 for the 2018 calendar year.

31. Defendant had gross revenues of at least $500,000.00 for the 2019 calendar year.

32. Defendant had gross revenues of at least $500,000.00 for the 2020 calendar year.

33. Defendant failed to pay overtime hours at time and a half violating the FLSA.

34. Defendant's violations of the FLSA have damaged Ms. Wallace.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II
### Indiana's Minimum Wage Statute
### Alternative Claim

35. Plaintiff incorporates paragraphs 1 through 34 by reference herein.

36. Ms. Wallace was an employee of Defendant pursuant to Indiana's Minimum Wage Statute.

37. Defendant is an employer pursuant to Indiana's Minimum Wage Statute.

38. Defendant failed to properly pay overtime wages for all hours over 40 hours in a workweek that Ms. Wallace worked during the course of her employment.

39. Defendant's violations of Indiana's Minimum Wage Statute have damaged Ms. Wallace.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count III
## Wage Claims Statute, I.C. §22-2-9 *et. seq.*

40. Plaintiff incorporates paragraphs 1 through 39 by reference herein.

41. Defendant is an employer pursuant to the Wage Claims Statute.

42. Defendant failed to pay Ms. Wallace her wages due and owing in a timely fashion.

43. Defendant failed to pay Ms. Wallace her wages due and owing in the correct amount.

44. Ms. Wallace has been damaged by Defendant's wage violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count IV
## Violations of the ESPL & E-FMLA

45. Plaintiff incorporates paragraphs 1 through 44 by reference herein.

46. Upon information and belief, Defendant had 500 or fewer employees as of August 2020.

47. Plaintiff was eligible for ESPL.

48. Plaintiff was eligible for E-FMLA.

49. Defendant wrongfully denied ESPL to Ms. Wallace.

50. Defendant wrongfully denied E-FMLA to Ms. Wallace.

51. Defendant retaliated against Ms. Wallace for requesting ESPL by terminating her employment.

52. Defendant retaliated against Ms. Wallace for requesting E-FMLA by terminating her employment.

53. Ms. Wallace has been damaged by Defendant's violations of ESPL and E-FMLA.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, special and punitive damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

54. Plaintiffs incorporate paragraphs 1 through 53 by reference herein.

55. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Eboni Wallace

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com